ORIGINAL

FILED
DEC 3 2014
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ISIDRO DUQUE, SAMUEL DUQUE<br>and TERESA THOMAS,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 14-1163L |

## COMPLAINT

### JURISDICTION

1. This Court has jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), because this action presents a claim against the United States and is founded upon the Constitution and statutes of the United States.

### STATUTES AND CONSTITUTIONAL PROVISIONS

2. Plaintiffs' claim is based upon: 1) the Fifth Amendment of the United States Constitution prohibiting the taking of private property for public use without paying just compensation; 2) the Tucker Act, 28 U.S.C. § 1491(a); and 3) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c).

### COUNT ONE
### (TAKINGS CLAIM)

3. Plaintiffs, Isidro Duque, Samuel Duque, and Teresa Thomas (the "Plaintiffs"), are the owners of the following described real property:

> The West Half (W½) of the Southwest Quarter (SW¼) of Section 6, Township 16 South, Range 3 West, Jefferson County, Alabama

(hereinafter "the subject property").

4.      On April 23, 2002, Plaintiffs' predecessor-in-title leased a portion of the subject property to the United States of America (hereinafter "Defendant") pursuant to Lease No. DTFA06-02-L-05732 (the "Lease") so the Federal Aviation Administration of the U.S. Department of Transportation could construct and operate a VORTAC navigational facility. A true and correct copy of the Lease is attached hereto and incorporated herein as **Exhibit A**.

5.      The Lease was for a term that could not be extended beyond September 30, 2011.

6.      The Defendant was given an additional 90 days following the expiration of the Lease to remove any structures, improvements, or equipment it wished to retain.

7.      The Lease provided that any property abandoned by the Defendant would become property of the Lessor.

8.      Plaintiffs purchased the subject property in 2004 and thereafter became the Lessor under the Lease.

9.      Plaintiffs continue to own the subject property through the date of filing this Complaint and were the owners at the time of the taking.

10.     The Lease expired on September 30, 2011 without either party breaching the lease.

11.     Defendant abandoned certain equipment and facilities by failing to remove them from the subject property by December 31, 2011, which was not a breach of the lease.

12.     After the expiration of the Lease, Defendant advised Plaintiffs that Defendant had no intention of vacating the subject property, that it would be a crime under 49 U.S.C. § 436308 if Plaintiffs interfered with the existing VORTAC facility on the subject property, and that Defendant intended continue its operation of the VORTAC facility on the subject property. A true and correct copy of the Defendant's letter is attached as **Exhibit B**.

13. Defendant continued to exert exclusive physical possession and control of a portion of the subject property, and of the equipment, improvements, and structures on the same, together with non-exclusive possession of other portions of the subject property, from September 30, 2011 to the present.

14. Defendant's actions proximately caused Plaintiffs to suffer damages by taking Plaintiffs' property, by diminishing the value of and damaging the Plaintiffs' remaining property, by delaying Plaintiffs' receipt of just compensation, for the taking and by making it necessary for Plaintiffs to institute this legal proceeding to recover just compensation.

15. Defendant violated the Takings Clause of the Fifth Amendment of the United States Constitution and the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4651.

WHEREFORE, Plaintiffs respectfully request a monetary judgment in favor of Plaintiffs representing the just compensation owed to them for the taking of their property, including the improvements, fixtures, equipment, and personal property taken, severance damages to the Plaintiffs' surrounding property caused by the taking and the operation of the VORTAC facility, plus delay damages, interest, costs, disbursements, and expenses, including attorney, appraisal, and engineering fees, and for such further and additional relief as this Court may deem just and proper.

                          Respectfully submitted by:

                          */s/ Casey Pipes*
                          J. Casey Pipes
                          Samuel C. Rosten
                          HELMSING, LEACH, HERLONG,
                          NEWMAN & ROUSE, P.C.
                          P. O. Box 2767
                          Mobile, AL 36652
                          (251) 432-5521
                          (251) 432-0633 Fax
                          jcp@helmsinglaw.com
                          scr@helmsinglaw.com
                          ATTORNEYS FOR THE PLAINTIFFS

Date: December 3, 2014